AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Verny Bolivar MERO-MERO, Jose Rolando MERO-ANCHUNDIA and Juan Esteban MERO-VELIZ<br><br>*Defendant(s)* | )<br>)<br>) Case No. 17-6002-BSS<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 26, 2016__ in the county of __Broward__ in the __Southern__ District of __Florida, and elsewhere__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Sections 70503(a) and 70506(b) | Conspiracy to Possess with the Intent to Distribute five (5) kilograms or more of Cocaine while on board a vessel subject to the jurisdiction of the United States |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David A. Villanucci; Special Agent; HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Jan. 6, 2017

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida     BARRY S. SELTZER; U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, David A. Villanucci, being duly sworn, do hereby depose and state the following:

1. I am employed as a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI) in Ft. Lauderdale, Florida, and have been so employed for approximately thirteen (13) years. Prior to that, I was employed as a Special Agent for the United States Customs Service for approximately one and a half years. I am currently assigned to the High Intensity Drug Trafficking Area, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code, as enumerated in Titles 18, 19, 21, 22, 31, 46 and various other federal statutes.

2. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who have investigated the matter or have personal knowledge of the facts herein. This affidavit is being submitted in support of a Criminal Complaint against Verny Bolivar MERO-MERO (MERO-MERO), Jose Rolando MERO-ANCHUNDIA (MERO-ANCHUNDIA) and Juan Esteban MERO-VELIZ (MERO-VELIZ) and as such, does not include all the information known to me as part of this investigation, but only information sufficient to establish probable cause for the arrests of MERO-MERO, MERO-ANCHUNDIA and MERO-VELIZ for a violations of Title 46 USC 70503(a)(1) and Title 46 USC 70506(b), that is, knowingly and willfully conspiring to possess with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States.

3. On or about December 26, 2016, while on patrol in the eastern Pacific Ocean, the United States Coast Guard Cutter (USCGC) Tahoma detected a "panga" style vessel traveling northbound at a high rate of speed, approximately 202 nautical miles south of the Mexico and Guatemala border. A Maritime Patrol Aircraft (MPA) was diverted to assist the USCGC Tahoma. The USCGC

Page 1 of 3

Tahoma launched one (1) Over the Horizon (OTH) vessel and one (1) helicopter. The USCG helicopter observed the "panga" style vessel and reported it as a "Go Fast" vessel (GFV) with three (3) subjects on board and two (2) outboard engines. On or about this time, the GFV began to jettison packages. The USCG helicopter employed warning shots which resulted in the GFV coming to a stop; however, packages continued to be jettison from the GFV. Personnel aboard the OTH recovered one package and a GPS device. Upon making contact with the GFV, the OTH boarding team observed no flag flown, no registration documents, a registration number on the hull (052579346), no homeport on the hull, a name on the hull (KENY), and no painted flag. The master of the vessel (MERO-MERO) made a verbal claim of Ecuadoran nationality for the vessel. The Ecuadoran government was contacted and could neither confirm nor deny registry of the vessel, allowing the vessel to be considered "without nationality" and, therefore, a vessel subject to the jurisdiction of the United States. The three persons aboard the GFV were: MERO-MERO (Ecuadoran National), MERO-ANCHUNDIA (Ecuadoran National) and MERO-VELIZ (Ecuadoran National). Members of the boarding team conducted an ion scan of the gunwale of the GFV that resulted in a positive test for cocaine.

4. A Cutter Boat-Large (CBL) launched from the USCGC Tahoma proceeded to the jettison field to recover 18 packages, bringing the total to 19 packages containing approximately 900 kilograms of a white powder that field tested positive for cocaine.

5. The USCGC Tahoma requested and was granted permission to sink the GFV as a Hazard to Navigation (HAZNAV) because the GFV was taking on water, a strong odor of fuel was present, and the inability to tow the GFV.

6. On or about January 6, 2017, the USCGC transferred custody of the three (3) crew members, MERO-MERO, MERO-ANCHUNDIA and MERO-VELIZ, to United States law enforcement

officers. On that same date, MERO-MERO, MERO-ANCHUNDIA and MERO-VELIZ first entered the United States at Broward County, Florida.

7.  Based on the information and facts, your affiant submits probable cause exists to believe that Verny Bolivar MERO-MERO, Jose Rolando MERO-ANCHUNDIA and Juan Esteban MERO-VELIZ knowingly and willfully conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation Title 46, United States Code, Sections 70503(a) and 70506(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
David A. Villanucci, Special Agent
Homeland Security Investigations

Sworn to and subscribed before me this ___ day of January, 2017.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE